**WO**            NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Carmen Pearson, | No. CV-16-03402-PHX-JJT |
|           Plaintiff, | **ORDER** |
| v. | |
| Bank of America, N.A., | |
|           Defendant. | |

At issue is Plaintiff Carmen Pearson's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2). Having determined that Plaintiff is unable to pay the Court's fees, the Court grants the Application. However, as set forth below, upon screening Plaintiff's Complaint (Doc. 1, Compl.) pursuant to 28 U.S.C. § 1915(e)(2), the Court has found that the Complaint fails to establish that the Court has jurisdiction over this matter.

**I.  LEGAL STANDARDS**

    **A.  28 U.S.C. § 1915(e)(2)**

For cases in which a party is permitted to proceed *in forma pauperis*—that is, the party lacks the means to pay court fees—Congress provided that a district court "shall dismiss the case at any time if the court determines" that the "allegation of poverty is untrue" or that the "action or appeal" is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Section 1915(e) applies to all *in forma pauperis*

proceedings. *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000). "It is also clear that section 1915(e) not only permits but requires a district court to dismiss an *in forma pauperis* complaint that fails to state a claim." *Id.* at 1127.

### B. Subject Matter Jurisdiction and Pleading in Federal Court

Unlike state courts, federal courts only have jurisdiction over a limited number of cases, and those cases typically involve either a controversy between citizens of different states ("diversity jurisdiction") or a question of federal law ("federal question jurisdiction"). *See* 28 U.S.C. §§ 1331, 1332. The United States Supreme Court has stated that a federal court must not disregard or evade the limits on its subject matter jurisdiction. *Owen Equip. & Erections Co. v. Kroger*, 437 U.S. 365, 374 (1978). Thus, a federal court is obligated to inquire into its subject matter jurisdiction in each case and to dismiss a case when subject matter jurisdiction is lacking. *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004); Fed. R. Civ. P. 12(h)(3).

Federal Rule of Civil Procedure 8(a) provides that a complaint must include "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief." In other words, to proceed in federal court, a plaintiff must allege enough in the complaint for the court to conclude it has subject matter jurisdiction. *See* Charles Alan Wright & Arthur R. Miller, *5 Fed. Practice & Procedure* § 1206 (3d ed. 2014). The complaint must also contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

## II. ANALYSIS

In the Complaint, Plaintiff states that the basis for the Court's jurisdiction over this matter is her claim under the Social Security Act, 42 U.S.C. § 407(a) (Count 1). (Doc. 1, Compl. ¶ 1.) However, that statute does not confer a private right of action on a plaintiff. *See, e.g.*, *In re Digimarc Corp. Derivative Litig.*, 549 F.3d 1223, 1229-30 (9th Cir. 2008) ("The fact that a federal statute has been violated and some person harmed does not

1  automatically give rise to a private cause of action in favor of that person. Instead, the
2  statute must either explicitly create a right of action or implicitly contain one." (internal
3  quotations and citations omitted)). Plaintiff thus fails to state a claim under 42 U.S.C. §
4  407(a), and the remaining claims are state law claims.

5      Because the only basis alleged in the Complaint for the Court's jurisdiction is
6  federal question jurisdiction but Plaintiff fails to state a federal claim, the Court does not
7  have jurisdiction over this matter. The Court thus need not determine whether Plaintiff
8  states valid state law claims.

9      IT IS THEREFORE ORDERED granting Plaintiff's Application to Proceed in
10  District Court Without Prepaying Fees or Costs (Doc. 2).

11      IT IS FURTHER ORDERED that Plaintiff's Complaint (Doc. 1) is dismissed and,
12  specifically, Count 1 is dismissed with prejudice and Counts 2 through 4 are dismissed
13  without prejudice.

14      IT IS FURTHER ORDERED denying as moot Plaintiff's Application for *Ex Parte*
15  Preliminary Injunction and Expedited Consideration or, in the Alternative, Plaintiff's
16  Emergency Motion for Expedited Preliminary Injunction and Order to Show Cause,
17  Compelling Defendant to Lift Asset Freeze (Doc. 3).

18      Dated this 7th day of October, 2016.

Honorable John J. Tuchi
United States District Judge